### Gregory C. GILMORE, Plaintiff–Appellant,

v.

### GENERAL ELECTRIC COMPANY, GE Power Systems, Defendant–Appellee.

No. 00–3382.

United States Court of Appeals, Sixth Circuit.

Oct. 1, 2001.

Before BOGGS, DAUGHTREY, and WALLACE,* Circuit Judges.

PER CURIAM.

The plaintiff, Gregory Gilmore, filed this action in district court following his termination from employment with GE Reuter–Stokes, a division of defendant General Electric Co. His principal allegation was that he had been fired in violation of the Americans with Disabilities Act, 42 U.S.C.

---

* The Hon. J. Clifford Wallace, United States

Court of Appeals for the Ninth Circuit, sitting

§§ 12101–12213, simply because he suffered from depression. GE denied any discriminatory motive in its decision and moved for summary judgment in its favor. The district court granted that motion, determining that Gilmore had made out a prima facie case of discrimination under the Americans With Disabilities Act, but concluding both that the defendant had offered a non-discriminatory reason for its action and that Gilmore was unable to advance a genuine issue of material fact supporting a determination that GE's decision was a pretext for prohibited discrimination.

On appeal, Gilmore argues that the district court erred in making factual findings in the face of disputed evidence, that the district court improperly weighed the plaintiff's pretext evidence and inappropriately held Gilmore to a "pretext plus" burden of proof, and that the summary judgment ruling erroneously dismissed related state law and retaliation claims. For the reasons set out in the district court's extensive and well-reasoned memorandum opinion, however, we conclude that summary judgment was properly entered in this case.

As noted by the district judge, the fact that Gilmore failed to suggest any reasonable accommodation for his disability is particularly damaging to his case. Admittedly, he sought altered work schedules, quieter working space, and other concessions not available to similarly-situated employees. Nevertheless, in no instance did he inform his employer that he was seeking such changes *because of* his disability. In fact, he concedes that he hid from the defendant the fact that his depression might have been affecting the quality of his work "because of all the social stigma associated with [his condition]." Furthermore, when his employer offered him a medical leave so that he could regulate his medicines and become a more productive employee, Gilmore declined the offer without further discussion with his supervisor.

The district judge meticulously examined Gilmore's claims and the evidence offered in support of them. She also correctly applied the appropriate law to those allegations in a thorough opinion. Because no jurisprudential or precedential purpose would be served by again reciting the facts, law, and analysis recounted by the district judge, we decline to issue an additional detailed opinion and, instead, AFFIRM the grant of summary judgment to the defendant on the basis of the district court opinion filed on February 22, 2000.